We have five cases on the calendar this morning, a claims case, two veterans cases, a patent case and an employee case. One of the veterans cases and the employee case will not be argued, they are being submitted on the briefs. The first case is U.S. Marine, United States Marine, that's not the United States Marines, U.S. Marine, Inc. versus the United States and V.T. Halter, 2012-16-78, Mr. Egan. Yes, thank you. This preliminary matter, V.T. Halter is not a party, they're in the caption, but they're no longer a party to the case. I'm sorry, say that again. V.T. Halter is not a party to this matter, it's still in the caption, but it has been dismissed. It never did appeal and it took a while to clarify. The only party is U.S. Marine. That's correct. Is there a separate case involving Halter in the claims court? Oh, no, no, no. This is an appeal pursuant to 28 U.S.C. 1292 D.4 of an interlocutory order of the District Court of the Eastern District of Louisiana transferring the case to the Court of Federal Claims. The underlying factual background here is that USMI, together with Halter Marine, developed a design for a particular craft. Isn't that the point, together? Doesn't that put them in the claims court? Oh, no, no. The background of this is that US Marine and Halter developed a design in 1993 and 1994. The purpose of that joint effort was so that Halter could bid on a proposal made by the Navy to submit a design for a fast craft based on a boat already in existence. That was completed before there was any contract between V.T. Halter and the United States. Including before the two preliminary contracts? That's correct. Okay. The District Court, I know, found that none of your design work was funded by the government. Do I understand that right? Yes. I'll ask the government this, but I think the government disputes that. Is the government just wrong about that? The government's wrong. I think it's page 72 of the appendix, which is part of a statement of what work was done by USMI. It's a very short statement by the president of the company in an affidavit. But I think the government refers to that at some point as showing we worked on all three stages. That is, the stage that led to the bid, the stage after the award of the test craft contracts, and the ultimate production line that ensued. But we did not, and there is nothing in the record to support the allegation that we did so. We had no subcontract with the government, and we did not get paid by Halter or anybody else for any work when they actually had contracts with the government. I'm going to divert you a little bit from your plan here. Can I ask, and I want to discuss this with the government too, suppose you were in the CFC and you filed an amended complaint stating a takings claim. Misappropriation of trade secrets, at least since the Supreme Court decision in Monsanto, can be a taking. In what way would that claim be different from the claim that you have litigated to date? Well, first of all, it would not be a trade secret claim. It would not be a Federal Tort Claims Act case. No, but misappropriation of a trade secret under the Monsanto case in 1985 or something, the Supreme Court, can be a taking. I have to confess that I haven't prepared on that, but my recollection is the Monsanto case, which we looked at early on, there are things that you have to do to qualify under that, which we would not. But the other thing is there's nothing that commands you to bring a taking claim instead of a Federal Tort Claims Act in the district court under the Federal Tort Claims Act if you want to. It's not like the Tucker Act, which says you have to. That's where the issue of subject matter jurisdiction arises. If it is a Tucker Act claim, it has to be brought here. Right, but I guess what I'm thinking is that there are these two policies, if one can call them, that are at play here. One is a kind of congressional commitment of certain contracted breach adjudications to this form. And the other is, as reflected in 2674, the Federal Tort Claims Act, your client presumptively by assumption got harmed by the United States. And 2674 says the United States should be liable for harm. Those point in opposite directions here. If a takings claim could provide you the compensation for the harm in the CFC, there's no longer a conflict. There's no longer. If you want to posit that there is a conflict raised by the facts here between the policies, let's say, of the Federal Tort Claims Act and the Tucker Act, then perhaps if there's a way of having those conflicts resolved by making a takings claim in the Court of Federal Claims, perhaps that conflict doesn't exist. That's not the issue here. Why did you think a takings claim would not lie? I have to look back at Monsanto. I really didn't prepare on that, but I know we looked at it. I know we looked at it before we brought the Federal Tort Claims Act. Along that same line, if you had a boat design that you had, your client had created, and you had it on the shelf, your client had it on the shelf in his office, and the government reverse engineers a boat that was built to that design, or in the middle of the night breaks in and steals the blueprints from the shelf or what have you, and you discover the government is now building boats using your client's design, do you think you would have a cause of action against the government in misappropriation? Yes. Why then did you make your life complicated by invoking the contract that Halton had between themselves and the government rather than simply plead a misappropriation of your client's interest taken by the government? The reason that we made reference to the contract and to the limited rights provision and the fact that what the Navy did was to violate that provision was that in order to recover under the Trade Secrets Act, that is the underlying regime that we were relying on, you have to establish that the misappropriator knew or should have known that the secret, if you will, was that the design was a secret. And the fact that they knew that they had it under limited rights only established that. And once again, the trial court in the findings of fact explicitly relied on the contract for that very requirement having been met. We did not and could not, obviously, make any claim that the fact that the government violated the limited rights provision of the contract gave us a cause of action under the contract. But we had to refer to it. May I just say one other thing just briefly? Yeah, go ahead. The government implemented a third-party halter into this case on the theory that if they were liable to us, halter would be liable to them. And as a result of that, that didn't go anywhere, but halter counterclaimed. So halter got into the case after we had filed. They were not part of our case, and that both helped and hurt us. But come back to my hypothetical for just a moment. Are you saying that under the Federal Court Claims Act, you bring your cause of action based on state law? That's correct. You're saying that, and as I understand it, you brought your cause of action under Virginia state law. Yes. Are you saying that under the Virginia law, the government could steal your design as long as they can argue they didn't know it was a secret? You used the word steal.  Acquire. If they found it somewhat innocently. If we did enough to maintain secrecy, which you have to maintain secrecy to have a trade secret, but there were limited access to it in certain ways, and the government innocently got a hold of these and did not have any reason to know that it wasn't in the public domain, we would not be able to establish, hypothetically, a requirement of the act. But I'm not sure. The issue here is whether this court has jurisdiction. Which court? Excuse me. Whether the Court of Federal Claims has jurisdiction. You do have jurisdiction, obviously, over this appeal. Yeah. The issue is whether the Court of Federal Claims has jurisdiction, and that got involved in the case, and the Fifth Circuit came up with that split decision. Yes. In part because you brought the contract into your federal court claim suit and got everybody thoroughly tied up in the question of whether it sounds in contract or sounds in tort or sounds at all, and I'm just trying to understand how that happened and why. It was part of our case to show that the government knew that this was a secret, and that is explicitly held in the findings of fact in the district court as a basis for making the determination that it had to make under the Virginia Act. Can I ask just a question or two about that? The district court says that the contracts and the limited rights legend meet the Virginia statutory requirement of reason to know that the government couldn't freely distribute this information. Would the legend all by itself be enough for your affirmative case, or did you have to establish that, in effect, the content of the legend was a binding duty on the government by virtue of its contract with Halter? You're asking me whether we could avoid any reference to the contract? Well, any reliance on an adjudication of the contract. I'm not at all sure what the answer to this is, but the idea that I was exploring is that if notice of something protected is enough, the legend might do that, and a contractual argument might come in as a defense from the government to say, oh, no, no, you look at our contracts carefully, and we actually had a right to give this information away freely. Well, whether the legend would be enough is another question. We didn't, frankly, think of that. We thought that the fact that the legend was there and the fact that there was underlying contract from which the legend derived was part of the story. It would be very peculiar to mission the legend without the contract. Where did it come from? How did it get there? And remember, Halter was in this case, and the contract was unavoidable. And we tried it together in terms of presenting the story. But I would say, more fundamentally, the question becomes whether or not under the precedence in this court under the Tucker Act, whether there's any way that you can take the claim that we did make and conclude that it's either a contract or one implied in fact or that we're a third-party beneficiary or subcontractor. We're not any of those. Mr. Egan, you wanted to save some rebuttal time? I have saved six minutes, I thought. Well, most of it has been used up. We'll give you three minutes back. Thank you. We'll hear from Ms. Kershner for the government. May it please the court, any liability that the government has in this matter stems solely and completely from the rights to technical data clause. That clause is contained in the appendix beginning at page 312, and I would like to direct the court's attention to the portion at page 317. Let me understand what you're saying. You're saying any cause of action they have stems from the contract? Correct. But hold on a minute. They're not a party to the contract. Are you conceding that they have privity of contract with the government? Is that what we're to hear? No, answer my question. Don't tell me your question. Are you conceding that they have privity of contract with the government because of their cause of action? We are not conceding that they would meet all of the requirements to demonstrate that they are a third-party beneficiary. You are or are not conceding? Are not. You're not, okay. But that isn't my question. My question is, do they have privity of contract with the government so that your opening statement that this case depends on contract terminology is correct? In order for your opening statement to be correct, they have to have either privity of contract with the government or somehow be a party to that contract. And all I want to know, for discussion purposes, before we get into the weeds of the contract, is are you conceding that status for them at this time? My difficulty with the question goes to the full jurisdiction of the Court of Federal Claims also encompasses claims by third-party beneficiaries. And if Your Honor is including a third-party beneficiary in the definition of privity, then certainly the Court of Federal Claims has jurisdiction of third-party beneficiary claims. And you're conceding that they are a third-party? No. You're not. As I said, what you have here is a... Explain to me what their relationship is to the contract. Their relationship can be shown by looking at the contract clause that's at issue, the rights to technical data clause. Wait a minute. But I don't want to look at the clause in the contract until I know that contract applies to them. I mean, you've got to deal with his case. His case is that he isn't connected to the contract. Okay. And I hear you saying he is. He is. Now, if you are about to concede that he is connected to the contract for jurisdiction and all other purposes, then that's fine. We'll go on with the discussion. I take it that this goes to the question as to whether or not United States Marine is a subcontractor on the contract. Or whatever other theory you want to use. That's how I understand the line of questioning. That's not my question. Well, they are not a... I don't think they're a subcontractor. Do you think they're a subcontractor? Yes, we do. You think they're a subcontractor? Yes. Yes, the Fifth Circuit said that they were a subcontractor. And the record before the trial court demonstrates that they were a subcontractor. Was government money under these contracts paid ultimately to them, even if it took a hop through halter on the way to them? I'm sorry. Could you be just... Was government money under these contracts paid to U.S. Marine? And I don't mean paid directly. I mean paid through halter or in any other way. Yes, because the money goes... Halter is the prime contractor. The district court found at A193 no government funds were used for U.S. Marines. That goes to the question of design. And the question of when the design was created. As I understand what they're contending, and I believe it was said today, that the design was done before the contract work went forward. Isn't that exactly what the United States gave to the company in Maine, the design? They had to have a parent craft before the contracts were awarded. And work was done on a parent craft. But it's our contention that there was additional design work during the contracts. But I would like to point, but the question is whether they were a subcontractor. It's clear in the record. I would direct the court's attention to pages 342, 345, 350, and 354. This is testimony of their witnesses at the trial. And specifically, there are three contracts involved. The two pre-contracts and then the production contract. Correct. So the 0019 is a composite contract where they had to build, they actually had to build the prototype. That boat, the composite boat, was built by U.S. Marines for Halter. It was not built by Halter. And the testimony shows that, that I've cited to. Halter doesn't build composite boats. Only U.S. Marines build composite boats. Then if we go to the next contract, which ends with 0015, that is the aluminum boat. There is also testimony at page 354 that Halter assisted with that boat. And then there's also testimony with regard to the production contract that when they built that line of aluminum boats, U.S. Marines was a subcontractor on those boats. And that's at page 345 of the transcript. I point this out because the court has asked about the legend. The legend, according to the regulation, was supposed to contain the name of the United States Marines. And I would ask the court to look at page 317. The requirements for the legend are set out in the contract clause. And it tells the contractor to put on that legend the number of the contract, the names, the identity of whoever has rights in the design. For example, what we're talking about here are drawings. What does all of this level of detail that you're now describing go to? I mean, that sounds like an argument about why the government really didn't act badly and sort of the merits of whether these are wrong. It goes to the third-party beneficiary issue. My understanding of the cases is that not every third-party beneficiary sneaks in under this exception where the contractor can sponsor a subcontractor claim, but only subcontractors who would be liable to the contractor. And I don't think you either mention it in your discussion of those cases or say that that could possibly apply to U.S. Marines. I don't believe that's correct. In terms of third-party beneficiary law, what has to be shown is that there is an intent of the contracting parties to benefit the third-party beneficiary. But I thought we were talking about this jurisdictional, so like the CDA principle, WGE. The prime contractor is liable. The subcontractor can come in in certain circumstances where the prime contractor is liable to the subcontractor for damages sustained by the subcontractor. That's correct. There are two different lines of authority, two different paradigms, one being the CDA. And Your Honor is absolutely correct with regard to the CDA. Third-party beneficiary liability is different. What I'm pointing out here is that the Court of Federal Claims has jurisdiction of third-party beneficiary claims. The Fifth Circuit transferred the case so that those sorts of claims could be adjudicated. And the regulation at issue, which is at page 317, contemplates that there could be third-party beneficiary claims brought by a subcontractor. Even a subcontractor that doesn't meet the test where the prime contractor is liable to the subcontractor for harm to the subcontractor. Yes, because that test is part of the CDA analysis. It's not part of the third-party beneficiary analysis. So there's a third-party beneficiary who can bring a contract claim and actually have it adjudicated on the merits and get relief outside the CDA. Correct. Which is what you're saying he should be doing. Yes. So his cause of action, let me be sure... This is a moving game. But his cause of action, as I understand the government's position, is to sue the government as a third-party beneficiary subcontractor, if you will, under the initial production contract. Under... Any one or all of those contracts. Let's not hang up on that question. And bring that action in the court of federal claims which would have jurisdiction over it outside of the CDA process. Correct. That's your position. Yes, as to jurisdiction. I'm not conceding that they would win on the merits. Would that claim cover the entirety... And please make this more precise than I'm going to make it. Of the design that they say was their trade secret that you shared with the main company. As I understand it, yes. What happened was that drawings were given to the government. They became government property. And some of those drawings were marked with the legend. Right. And it's... The design is incorporated in those drawings according to the plaintiff's decision. So your theory of a non-CDA contract claim based on third-party beneficiary status that they could bring would cover the entirety of the shared design. Yes. Now, that's basically the cause of action... Let me put it a little differently. That's basically what the district judge trial was about. Different jurisdictional arguments, I recognize. But isn't that essentially what the government and Marine were arguing in the district court where the district court held for Marine on the labeling problem? Do I understand that? I think that's essentially correct. But what you're saying is you think that trial shouldn't have been held by the district court. You're saying, I take it, that that trial has to now be re-heard by a judge from the Court of Federal Claims. That's the proper site for jurisdiction, yes. And this would be a third-party beneficiary claim. And I did... Your Honor asked could you just look at the legend. The legend is in our brief at page 20. And the legend basically refers to... This is the same one that's in the appendix at A80? A80. Just like this. A80. I think it is. I just want to look at A80. Yes, yes. But it's typed also in the brief at 20. And I did cite A80. So it's in the government briefs typed out. And what the legend does is it refers to the limited rights clause. And it's the limited rights clause that puts the restrictions on the government's use of these drawings. So you want to re-litigate that question before a different judge? If the plaintiff wishes to go forward, yes. Certainly. Do I understand that the government would not now challenge the jurisdiction of the Court of Federal Claims if we were to end up agreeing with you that this case properly belongs in the Court of Federal Claims? The government does not intend to come before the Court of Federal Claims and say, but wait a minute, it's not really a contract claim. No, no, we do not. But you will say that the essential, I assume essential, or at least standard requirement for third-party beneficiary claims, namely an intent to benefit the third party, can't be met because you guys never even heard of the U.S. Marines. The regulation contemplated that there could be such claims. But in this case, the United States Marines name was nowhere to be found on any of these claims. Before your time runs out, can you discuss the possibility of their claim being presented as a takings claim and what difference that would make, what relief they could get, couldn't get. Aside from everything else, I assume that that doesn't actually require an intent in the contract to benefit them. I think you have to demonstrate that the taking was for public use, and that would be one element. You gave it to a company you wanted to build Navy SEAL boats for. I mean, how much more public could that be? I understand. I'm not prepared yet to concede that that's met, but that is an additional element of a takings claim. It also has to be lawful, doesn't it? Excuse me? It also has to be lawful, and the idea that this was a breach of a contract. But I also think that my understanding, my limited understanding of takings law, that if you can pursue a contract claim, then the court looks at it as a contract claim and not as a taking issue. You're going to say that they can't pursue it. I mean, they could pursue it, but at step one they're going to get knocked out because the only claim they have is a third-party beneficiary claim, and the government did not intend to benefit them, so they're going to lose that claim. It's our contention that this is a contract claim and we would argue that it's not a meritorious contract claim when we get to the Court of Federal Claims. And because it's a contract claim, it's not properly viewed as a takings claim, but I have not really briefed all the elements of the takings claim. What would be the government's position if an argument was made that the Court of Federal Claims has jurisdiction over a case that sounds in contract even though the cause of action is based on the Federal Tort Claims Statute? Well, the Court of Federal Claims has no authority to apply the Tort Claims Act. That would be the government's position. Right, right. So what we would have to do here, it would be a contract case pursued, as every contract case is. Have you proven breach of contract? Then you move on to damages if you've proven breach of contract. The normal course of a contract case. And I don't know whether I went over my time. I just want to say that you started... That's what the red light indicates. Okay, all right, I'm sorry. In fact, you can finish your thoughts. The court asked initially about Halter. It's my understanding that Halter is still listed as a party in the Court of Federal Claims, that it has not yet been dismissed, but also that it has no counsel of record to represent it. Nobody has entered an appearance for Halter yet in the Court of Federal Claims. Thank you, Ms. Gershner. We'll figure it out. Mr. Regan, the government went over, so we'll give you four minutes. Well, thank you. How do you feel about the government's position? I didn't get that out of their brief, to be perfectly honest with you. I didn't either. This is a whole new case, as near as I can tell from Ms. Gershner. But it's interesting. How do you feel about the government's new position in this case? Mr. Egan, why don't you listen to the question before you interrupt? All right, that's my question. How do you feel about the government's new position in this case? By the new position, you mean that we are a third-party beneficiary, at least for subject matter jurisdictional purposes? Yes, sir. Well, okay. They're now conceding that you have a contract claim. They're conceding that we have one under that rubric. Yes. As one of you said in questioning the government, there was absolutely no intent here, as the cases in this court have held, that the third party, that is USMI, be benefited by the contract provision which we have been discussing. If you look at the third party jurisprudence in this circuit, you will see that there are, I think it exclusively relates to people, normally subcontractors, I think, I'm not sure why, but normally some who are being paid, who were to be paid sometimes with direct notice to the government that monies would be paid to them and not to the prime contractor. This would take the third party beneficiary regime and say we're going to extend that to situations not where the payment, not where you have the creditor, the traditional debtor-creditor relationship, but to damage claims. The government would be saying that if you think you were damaged by something we did to somebody else, even though we didn't even know we were damaging you or that you had any rights, you can come into the Court of Federal Claims and bring an action as a third party beneficiary. I can assure you that if you hold that there is a subject matter jurisdiction in the Court of Federal Claims to hear this on a third party beneficiary basis, the first thing we'll get is a motion to dismiss the failure state of claims. So you think it's a bit of a setup. I do. Mr. Egan, how does Christensen versus Colt play any role here? The Supreme Court held that if a claim is transferred to another court where there's a plausible basis for jurisdiction, you don't play jurisdictional ping-pong. This was sent back from the Fifth Circuit. Why shouldn't it stay here or properly in the Court of Federal Claims? Why shouldn't it stay here? Because the Fifth Circuit has in some sense adjudicated that and that's what Christensen directs, you're asking. No, I'm suggesting that the Fifth Circuit transferred it to this circuit. It remanded it to its district court with instructions to transfer it to the Court of Federal Claims. That's correct. Why shouldn't we leave it there? Well, first of all, the Christensen doctrine relates to transfers between coordinate courts. I mean, it comes up as far as this court is concerned with the transfer from another federal appellate court to this court which is determined that this court has jurisdiction over an appeal. That's what the jurisprudence is. The Fifth Circuit could not do that because they clearly had jurisdiction over the appeal that was made to them and they did what effectively is the correct thing. They said they directed the district court to make a transfer. But you don't have to defer. It comes to this whole system and to you on appeal not from a coordinate court but from the district court itself and it's clear, Jan's helicopter for one, that you owe absolutely no deference to that. It's also true that when you look at 28 U.S.C. 1292 D.4 that's a special jurisdictional enactment of Congress and it may be that that itself would override Christensen. Unless we determine that the Court of Federal Claims can actually hear your case, the district court could not transfer to the Court of Federal Claims because the transfer statute requires that the transferee be a court that could have heard the case. Yes, and that's the issue you're deciding. That's the issue we have to decide. Yes. Okay. Thank you, Mr. Regan. We have the case. We'll take it under advisement.